*Ex parte* WEBBER'S EXECUTORS.

In an action of *replevin* against a sheriff, where the jury find *part* of the property in the sheriff, and the *plaintiff* obtains an order for a new trial from the circuit judge, and then before the next circuit, the sheriff dies, *leave will be granted* to the executors of the sheriff to sue out a *scire facias* to revive the suit.

WEBBER, as sheriff of Westchester, made a levy upon property by virtue of an execution. Underhill sued out a writ of replevin. Webber avowed the taking under the execution. The cause was tried and the jury found *part* of the goods to be the property of the plaintiff, and assessed the value at $454, and the residue of the goods to be the property of the sheriff, and assessed the value at $1046. The plaintiff obtained an order for a new trial from the circuit judge, and then before the next circuit, the sheriff died. The *executors* of the sheriff asked leave to sue out a *scire facias* to revive the suit: which was granted.

---

THE PEOPLE, *ex rel.* TAPPAN, *vs.* GREEN.        [511]

A CERTIORARI to remove a justice's judgment will not be quashed, although not served within ten days after its allowance, provided it be served within *thirty days after the rendition of the judgment.*

---

BROWN *vs.* BURDICK.

Where a motion is made by a defendant to set aside an execution on the ground that the judgment was *paid* and satisfied before the issuing of the execution, and a receipt in full is produced; and the plaintiff comes in and answers that there was *fraud* in obtaining the receipt. the motion will be suspended until the next special term, when the plaintiff will be required to move for leave to issue the execution, the defendant to have leave to answer, and the costs of the defendant's motion will abide the costs of the motion on the part of the plaintiff.

THE defendant moved to set aside an execution, on the ground of its *payment* before execution issued, and produced a receipt in full, given by the plaintiff, who alleged that the receipt had been obtained by *fraud.* The court were at first inclined to disregard on this motion the plaintiff's allegations, but, after consideration, directed the motion to lie over until the next special term, so that a cross-motion might be made by the plaintiff for leave to proceed on the execution, the defendant having liberty to answer. The costs of the present motion to abide the event of the plaintiff's motion.

---

BOARDMAN & CONKLING *vs.* HOUSE.        [512]

A person here *temporarily,* intending to return to the place of his domicil, is not a *resident* within the meaning of the "act to abolish imprisonment," &c.

THE defendant, an inhabitant of *Michigan,* moved to be discharged from an arrest, on the ground that he had been a *resident* of this state for at least one month previous to the commencement of the suit against him, and in support of the motion relied upon the *act to abolish imprisonment, &c.* (*Statutes, session of* 1831, *p.* 396, § 2.)

*By the Court.* The defendant is not a resident of this state within the meaning of the act: he is here temporarily, and intends to return to Michigan. Being here for pleasure or business does not exempt him from arrest. The motion is denied.